SHUMWAY *against* FOWLER.

THIS was an action of *trespass* on the case, for de-bauching the plaintiff's daughter. The cause was tried at the *Washington* circuit, and a verdict found for the plaintiff, for 1,025 dollars. The plaintiff's daughter was a witness on the part of the plaintiff, at the trial.

Z. R. *Shepherd*, for the defendant, now moved to set aside the verdict, and for a new trial, on the ground of newly discovered evidence. He read affidavits stating that since the trial, the defendant had discovered a ma-terial witness, one *A. B.* who told the defendant's attor-ney, that before the connection between the defendant and the plaintiff's daughter, he, the said *A. B.* had cri-minal connection with her, and also informed him, that another young man, had told him, that he had pre-viously had connection with the plaintiff's daughter; and that the defendant also expected to prove the same thing to have taken place, between her and another person.

*Foot*, for the plaintiff.
*Shepherd*, contra.

*Per Curiam.* A new trial is not to be granted, merely on the discovery of new evidence, which would impeach the character of a witness at the trial. There would be no end of new trials on that ground. (2 *Salk.* 653. 12 *Mod.* 584. *Sayer*, 27. 3 *Johns. Rep.* 255.) The new-ly discovered evidence is to impeach the character of the daughter, who was a witness at the trial. There is another objection to the affidavit in this case. It states merely, that the persons mentioned had *told* the party what they could say. There can be no reliance on such

A new trial will not be granted, on the discovery of new evidence which would merely impeach the character of a witness at the trial, nor where the affidavit states only, that a person had *told* the party what he would say.

ALBANY,
August, 1809.

declarations; nor could the persons, at the trial, be obliged to answer whether they ever had such criminal connection with the daughter. The motion must be denied.

Rule refused.