OTSEGO GENERAL TERM, November, 1849. *H. Gray, Mason, and Morehouse,* Justices.

FLEMING *vs.* HOLLENBACK and SWEET, ex'rs of Hollenback.

The objection that an interrogatory, annexed to a commission, is leading, may be made upon the trial, when the answer of the witness is proposed to be read in evidence.

If a direct interrogatory, and the answer of the witness to it, are properly excluded by the court, cross interrogatories, and the answers thereto, which are dependant upon the direct interrogatory, should also be excluded.

Depositions taken under a commission can not be received in evidence unless the return of the commissioners is endorsed upon the commission. It is not a compliance with the statute for the commissioners to make their return upon a separate piece of paper, and annex it to the commission or depositions.

A new trial should never be granted on the ground that the verdict is against the weight of evidence, unless the verdict is clearly against evidence.

In general, after a jury has passed upon conflicting evidence, the court will not interfere with their verdict, on the ground of its being against the weight of evidence.

A new trial will not be granted, on account of newly discovered evidence, if the evidence is only material to impeach or contradict witnesses sworn on the former trial; nor where the evidence is merely cumulative.

Nor will it be granted upon the affidavit of a person whose testimony is impeached, by the opposing affidavits; or upon his testimony, taken in connection with the plaintiff's affidavit, showing his materiality.

Neither will a new trial be granted for the purpose of affording a party an opportunity to introduce as a witness, a person thus impeached.

The want of recollection of a fact, which by due attention the party might have remembered, is not a ground for granting a new trial.

THIS was an action of assumpsit, on a lost promissory note, claimed to have been made by John Hollenback, deceased, in August, 1842, for $3500, payable to the plaintiff. The cause was tried before Justice Allen, at the Tioga circuit, in October, 1848. On the trial of the cause the plaintiff offered to read in evidence the depositions of Robert L. Fleming and Samuel Herrick, taken under a commission directed to James Shaffer of Lemmahoning, Clinton county, Pennsylvania. The defendant objected to their introduction, on the ground that there was

no return indorsed on the commission. The following is the commissioner's return, which was written upon a separate piece of paper, and attached to the back of the answers to the interrogatories, both of which were annexed to the interrogatories to the commission, viz.: "Clinton County, ss. I do hereby certify that in pursuance of a commission issued out of the supreme court of New-York, on the 17th day of March, 1848, and to me directed, to take the deposition of Samuel Herrick and R. L. Fleming, witnesses on the part and behalf of the plaintiff, to be read in court as evidence in a certain cause now pending between John Fleming plaintiff, and George W. Hollenback and Ezra S. Sweet, executors of the last will and testament of John Hollenback, deceased, that in accordance with the said commission hereto annexed, I have examined the said Samuel Herrick and R. L. Fleming, by administering the oath to them publicly and examining them separately and apart on the interrogatories, and reduced the same to writing, this 27th day of March, A. D. 1848, *and have annexed it to the commission,* and do hereby return said rule, &c. to Moses Stevens, clerk of the county of Tioga, Owego, N. Y. as witness my hand and seal this 28th day of March, A. D. 1848.

(Signed) JAMES SHAFFER. [L. S.]"

The court overruled the objection, and the defendants' counsel excepted. The defendants objected to the 4th direct interrogatories put to said witnesses, as leading, and the court sustained the objection and the plaintiff's counsel excepted, on the ground that the defendants could not raise this objection at the trial. The counsel for the plaintiff offered to read in evidence those parts of the depositions contained in the answers to the 4th and 5th cross-interrogatories. The counsel for the defendants objected, upon the ground that these cross-interrogatories were dependent upon the 4th direct interrogatory, which was excluded as leading, and he insisted that these cross-interrogatories being nothing more than a cross-examination of the matter of the 4th direct interrogatory, the answers to these should also be excluded. The court sustained the objection, and the plaintiff's counsel excepted. The jury found a verdict

for the defendants, and the plaintiff moved for a new trial, on the ground that the court erred in excluding the answers to said interrogatories, and on other grounds which sufficiently appear in the opinion of the court,

*Davis & Warner*, for the plaintiff.

*E. S. Sweet*, for the defendants.

*By the Court*, Mason, J.   I am entirely satisfied, after a careful examination of the matter, that the court properly excluded the answers of Herrick and Fleming to the 4th interrogatories, on the ground that the interrogatories were leading. The most familiar rule of testing these interrogatories will prove them leading. (1 *Phil. Ev.* 221, 222.  2 *Stark. on Ev.* 123. 1 *Id.* 124.   *The People* v. *Mather*, 4 *Wend.* 247.)   And I am of opinion that the party can make this objection upon the trial.   The statute contemplates this as the course to be pursued. The officer settling the interrogatories has no power or authority to reject an interrogatory because it is leading.   The statute provides that "in settling such interrogatories either party shall be allowed to insert any question pertinent to the cause which he shall propose." (2 *R. S.* 394, § 23.)   And the 31st section (*Id.* 396) expressly provides that "every objection to the competency or relevancy of any question put to the witness, or of any answer given by him, may be made in the same manner and with the like effect as if such witness were examined at such trial."   And such was the construction given to this statute in the case of *Williams* v. *Eldridge*, (1 *Hill's Rep.* 249.) It would seem to follow, as a matter of course, that if the direct interrogatory and answer were properly excluded, the fourth and fifth cross-interrogatories, which upon their face appear to be dependent upon it, were also properly excluded; otherwise the provision of the statute reserving the right to object to the competency of the interrogatory and answer, upon the trial, would be of very little avail to the party, inasmuch as he must forego his right to cross-examine the witness, or in effect be de-

prived of the benefit of his objection to the direct interrogatory and answer. The cross-examination will generally elicit much of the matter of the direct examination by way of review and restatement, and consequently the party will lose the whole benefit of his objection to the direct examination if such a construction as the plaintiff's counsel contends for be adopted. I am of opinion, therefore, that these cross-interrogatories were properly excluded; and it follows of course that the answers to them must fall with them. There is, however, another perfect answer to this branch of the case. The defendants' counsel objected to the admission of these depositions for the reason that the statute had not been complied with, in their execution; and I am satisfied that this objection was well taken, and that these depositions should have been excluded. The statute requires "that the commissioners shall annex all the depositions and exhibits to the commission upon which their return shall be indorsed." (2 *R. S.* 394, § 24, *sub.* 4.) This, the commissioners have not done in this case. Statutes which innovate upon the common law rules of evidence must be strictly complied with. (*Jackson* v. *Hobby*, 2 *John.* 357. *Chappel* v. *Brockway*, 21 *Wend.* 157. *Smith* v. *Randall*, 3 *Hill's Rep.* 495.) The mode of executing a commission is highly important, and all the safeguards against imposition and fraud which the legislature has imposed must be substantially complied with. It is not the province of the courts to disregard them, or dispense with them, and substitute others in their stead. This doctrine is well enforced and defended in the cases above cited, and was affirmed in its broadest sense, in this court, in the recent case of *Atherton* v. *Thomas*, in MS., which was a case where the rule allowing the commission to issue contained a command that the same be returned by mail addressed to John B. Moore, clerk of the county of Broome, Binghamton, N. Y., and a copy of this rule was annexed to the commission and returned with it. The commission was otherwise in all respects properly executed and returned, and it was adjudged by this court that the commission and deposition were properly excluded, for the reason that the 23d section of the statute (2 *R. S.* 394) requires the

Fleming *v.* Hollenback.

officer settling the interrogatories to direct the manner in which the commission shall be returned; and adopting the rule that statutes which innovate upon the common law rules of evidence must be strictly complied with, we held that the court could not waive this want of compliance with the statute, although we might be of opinion that the substitute was equally well calculated to guard against fraud. Applying this principle to the case under consideration, I do not hesitate to say that this commission should have been excluded. The statute requires the commissioners to indorse upon the commission their return. Is it a substantial compliance with the statute for them to make their return upon a distinct and independent paper, and then annex it to the commission or depositions? I do not hesitate to say it is not: and that the sanctioning of such a practice, in making the return, would be but ill calculated to guard against fraud and imposition in the execution of the commission. The fact that such return may be attached or detached from the commission, if made upon a separate and independent piece of paper, is a sufficient reason for not allowing these returns to be made in that way, were there no statute providing for the case. It is sufficient, however, for our purpose, that the legislature, for wise reasons, have required the return to be indorsed upon the commission, and that the courts therefore have no right to depart from the requirements of the statute. For the reasons already stated it is unnecessary to consider the other objections taken to this commission. The commission not having been properly executed, the depositions should have been excluded. Consequently the plaintiff can not complain, even if the court did improperly exclude portions of the evidence contained therein.

The defendants' counsel claims a new trial in this case, for the reason that the verdict is against law and evidence, and against the justness of the claim. I have not been able to discover that the verdict is against law. It may be, perhaps, that it is against the justness of the plaintiff's claim; or, in other words, against the weight of evidence. I have no hesitation, however, in saying that I consider the jury who saw the wit-

Fleming *v.* Hollenback.

nesses and heard them testify, are better judges upon this point than a person who did not hear the trial. A new trial should never be granted for such cause, unless the verdict is clearly against evidence; and in general when the jury have passed upon conflicting evidence the court will not interfere with their verdict on the ground of its being against the weight of evidence. This is the rule distinctly laid down in the case of *Keeler* v. *The Fireman's Insurance Company of Albany*, (3 *Hill*, 251.) The court lay down the rule in the following language in the case of *Eaton* v. *Burton*, (2 *Hill*, 578.) "It is the province of jurors and referees to pass upon conflicting evidence, and determine on which side the balance lies; and as a general rule their finding must be regarded as conclusive." There is much conflict of evidence and impeachment of witnesses in this case; and applying this salutary rule to the case, I do not think we should be justified in disturbing the verdict upon this ground.

The next question which I propose to consider is the application for a new trial, on the ground of newly discovered evidence. The testimony of newly discovered witnesses Isaac Bunnell, Augustus Lake, Mary F. Lake and Clinton Cleaveland, is all confined to a contradiction of one of the defendants' witnesses, James Jameson. There are certain principles which the courts have established, and which are to be regarded as settled law, in relation to these applications for new trials on the ground of newly discovered evidence. One is that a new trial will not be granted, on account of newly discovered evidence, which is only material to impeach or contradict witnesses sworn on the former trial. (*Harrington* v. *Bigelow*, 2 *Denio*, 104. 10 *Wend.* 294. 4 *John.* 425. 5 *Id.* 249. 3 *Id.* 256. *Graham on New Trials*, 496, 502.) This disposes of the application, so far as these four witnesses are concerned. This application is then left to be sustained solely upon the affidavits of the plaintiff and of Horace Howe. Howe is impeached by the opposing affidavits, and I think is shown to be unworthy of credit. A new trial therefore should not be granted upon his testimony alone, or taken in connection with the plaintiff's affidavit showing his materiality. (*Pomeroy* v. *The Columbian Ins. Co.* 2 *Caines*,

260.   *Williams* v. *Baldwin*, 18 *John.* 489.)   The case is then left to stand upon the affidavit of the plaintiff alone ; and he swears to the materiality of two newly discovered witnesses, Nathan Parks and Warren Loomis, the former of whom resides in the state of Ohio, and the latter in the state of Michigan. Loomis is impeached by the opposing affidavits, and is shown to be a standing witness in justices' courts, in his neighborhood. . This is, as we have already seen, a good ground for refusing a new trial upon his evidence, or for the purpose of affording the plaintiff an opportunity to introduce him as a witness.   In relation to the witness Parks, the plaintiff states what he expects to prove by him.   He swears that Parks was present when he, the plaintiff, handed the note in question to Hollenback in his store, and asked him for the pay upon it, and that Hollenback said he could not then pay it, but would pay it in the spring ; that it had stood long enough, and it was time it was paid ; that the amount of the note was spoken of, &c. and when Hollenback handed the note back, Parks took it and read it and then handed it to the plaintiff, and that the note was for $3500, &c.   It is true that the plaintiff has concluded this statement by saying that he did not know that he could prove these facts by Parks, until the 17th day of February last.   I think, however, we can not place much reliance upon this latter statement, after he had just sworn positively that Parks was present, and had the note in his hands, and that the plaintiff saw all he swore to.   He may perhaps have satisfied his conscience in thus swearing, by the mental reservation that he did not know until the 17th day of February last that Parks would recollect the transaction. The want of recollection of a fact, which by due attention might have been remembered, is not a ground for granting a new trial on such an application.   (*Bond* v. *Cutler*, 7 *Mass. Rep.* 206.) In that case the applicant for a new trial stated that since the former trial it had come to his knowledge that on the day it was alledged that he gave the notes, he was absent in a remote part of the state of Maine. and so he could not have made the note on that day.   In reference to this fact the court said, "the defendant can not prevail on this ground ; for he knew where he

*Fleming v. Hollenback.*

was on the 24th of September, 1801, as well before the trial as after ; and a want of recollection of a fact which by due attention might have been remembered, can not be a reasonable ground for granting a new trial : for a want of recollection may always be pretended, and may be hard to be disproved.''

This is the language of the learned Chief Justice Parsons, distinguished alike for his great learning and the clearness and precision with which he stated the principles of the law. This case was adopted as authority in this state by the supreme court, in the case of *The People* v. *The Superior Court of the City of New-York,* (10 *Wend.* 285.) And Chief Justice Savage adopts the language of the case in his opinion. (*See Id.* 293.) This is decisive of this application, so far as the testimony of Parks is concerned ; and this rule is not without its force when addressed to the other evidence which it is claimed has been newly discovered. But what appears to my mind most clear and conclusive against granting a new trial in this case, upon this newly discovered evidence, is that it is merely cumulative. (4 *John.* 425. 5 *Id.* 248. 10 *Wend.* 292. *Graham on New Trials,* 485, 496. 24 *Pick.* 248.) Cumulative evidence is additional evidence of the same kind. This disposes of all the questions raised by the defendants' counsel on this motion for a new trial ; and the motion must be denied, for the reasons above stated. It may be that the plaintiff in this case has received injustice at the hands of the jury. But while we recognize the settled rules of law which must govern us upon applications of this kind, I do not see how we can afford him any relief. And it may, perhaps, not be improper that I should remark, that the plaintiff's case is not without some strong features of suspicion as to the justice of this large claim.

New trial denied.