### SMITH *vs.* TIFFANY and PITTS.

If an account is payable in specific articles, upon the demand or request of the creditor, no action will lie upon the same for the recovery of money, nor can such account be used as .a set-off, until after a demand and refusal to pay in the specified articles, and in the mode, stipulated in the contract.

Where a creditor agrees to receive payment of his debt in lumber at the saw-mill, or in flour, meal &c. at the grist-mill, of the debtor, there is no duty to pay in money, until the creditor has made his election to receive his pay in some of those articles, and has demanded payment accordingly.

The court can review the findings of the jury on the facts, or set aside the same as against the weight of evidence, only when there is no evidence to sustain the verdict, or it is against the clear and decided weight of the evidence.

When the testimony is conflicting, it is the duty of the judge to submit the case to the jury. He will not be justified in taking the case from them and directing a verdict for either party.

APPEAL from an order made at a special term, granting a new trial. The action was brought upon the defendants' promissory note to Elias Clevenger, Brazilla Clevenger and Daniel Thrasher, or bearer, for $1000, payable on demand, dated October 20, 1858, reduced by indorsements, October 31,

1858, to $225.04, allowing interest from date. The plaintiff received it in May, 1859. The defense consisted of two branches : *First.* A payment of $117.75 to one of the payees, which the verdict allowed. *Second.* A set-off of an account purchased October 10, 1858, by the defendants, of Bickford & Hoffman, against the said payees, on which was due at the time of purchase $110. After applying this payment, and allowing interest, $107.29 remained unpaid on the note. The payees were partners, running a saw-mill and grist-mill in Ontario, which they rented of the defendants. The account of Bickford & Hoffman was for materials to repair these mills, furnished in and before March, 1858, amounting to $125, on which $13.68 was paid out of the grist-mill, leaving over $110 due. The jury allowed the payment of $117.75, but rejected the set-off, and found a verdict for the plaintiff for $118, the exact balance due on the note, after allowing the $117.75. The court granted a new trial on the judge's minutes, on the ground that the jury were not authorized by the evidence to reject the Bickford & Hoffman set-off. This appeal was taken by the plaintiff from that order.

*J. Van Voorhis, Jr.,* for the plaintiff.

*J. D. Husbands,* for the defendants.

*By the Court,* E. DARWIN SMITH, J. The plaintiff's right of action is indisputable and undisputed, and the verdict clearly right, unless the jury erred in disallowing the defendants' counter-claim. The defendants purchased a claim of $125 against the plaintiff's assignor, which they claimed to have allowed as an offset or counter-claim to so much of the plaintiff's demand. Of this amount $13 was allowed and the residue disallowed. The question in regard to the claim related not to its justice, but to the right of the defendants to maintain any action for the recovery of money on such claim at the time of the commencement of this suit. The question

Smith *v.* Tiffany.

litigated in respect to it was whether it was payable absolutely in money or in specific property. In his charge to the jury, the judge advised them that the material inquiry for them was whether there was an arrangement made by the parties, at the time the account was contracted, that the same was to be paid from certain mills. The learned judge also said to the jury that if that was the arrangement between the parties, they (the defendants) must take their pay in that way. The charge then explained more fully the law on the subject, and alluded to the facts, and left it to the jury to decide whether the account was to be paid out of the mills spoken of, and advised them that if not, the demand would be a proper offset against the note. The jury found for the plaintiff and disallowed the set-off; finding, in effect, that the claim was to be paid out of the said mills of Clevenger & Thrasher, the original debtors and the payees of the promissory note in suit in such action. The charge of the judge assumes, what is clearly the law, that if the account was payable in specific articles upon the demand or request of the creditors, no action would lie upon the same for the recovery of money, until after a demand and refusal to pay in the specified articles and mode stipulated in the contract. If the jury believed the witness Thrasher, the account was to be paid out of the mills, being a grist, a flouring and a saw-mill. The substance of the contract was, in this point of view, that the creditor might elect to receive his pay at either mill, in lumber at the saw-mill, or in flour, meal or other articles for sale at the grist-mill. There could be no duty to pay in money until the creditor had made his election to receive payment in some of those articles, and had demanded payment accordingly. This was substantially asserted by the judge to be the law of the case, and no error was committed therein. The question remaining is solely whether the court can review the findings of the jury on the facts, or set aside the same as against the weight of evidence. This can only be done when there is no

evidence to sustain the verdict, or it is against the clear and decided weight of the evidence. (*Keeler* v. *Fireman's Ins. Co. of Albany*, 3 *Hill*, 250. 7 *Barb.* 271. 27 *id* 528.) The whole question of fact rested upon the evidence of two witnesses. One testified positively that the debt was contracted upon the express arrangement in regard to its payment claimed by the plaintiff, and the other contradicted such statement. The evidence was thus balanced, and the jury believed the witness Thrasher, who testified to the arrangement affirmatively, instead of the negative testimony of the witness Bickford; and this view of the fact was taken by the judge in his charge. He said to the jury, " One witness for the plaintiff says there was such an arrangement. But Mr. Bickford says there was no such arrangement." Upon this dispute about the facts the circuit judge did right in submitting the case to the jury, and would not have been warranted in taking the case from them and directing a verdict for the defendant allowing the set-off in question. As the case was thus properely and necessarily submitted to the jury, I do not see upon what principle this court can interfere with their verdict. The order granting a new trial, I think, cannot be sustained, and should be reversed and a new trial denied.

[MONROE GENERAL TERM, September 2, 1861. *Smith, Johnson* and *Knox,* Justices.]