By the Court—Monell, J.
The principal ground upon which the appellants move for a new trial in this case, is, that the verdict is against the weight of evidence. No exception was taken to the. charge- of the Judge, and only one exception to the exclusion or admission of evidence.
The rule for many years has been uniform, that the Court will not interfere with, and set aside the verdict of a Jury, unless.it is clearly against the weight of evidence. (De Fonclear v. Shottenkirk, 3 Johns., 170; Keeler v. Fire *200 man’s Ins. Co., 3 Hill, 251; Eaton v. Benton, 2 Hill, 578 ; Coen v. Dupont, 1 Sandf., 260; Fleming v. Hollenback, 7 Barb., 271; Hall v. Morrison, 3 Bosw., 520.)
The evidence in this case was conflicting, and a verdict found either way would not, I think, be disturbed by the Court.
The most direct evidence that the sale was by the plaintiff to the defendants, is furnished by the testimony of the plaintiff’s witness, Levi P. Hatch, who testified that he was preseit át a conversation between the plaintiff and Landon, one of the defendants, about the 21st or 23d of October. It occurred in plaintiff’s office at Naugatuck. Landon said he came there about some kerseys. Witness thought he brought a letter of introduction from Allen. He said there was considerable conversation about price and quality: That it was agreed that plaintiff should sell defendants kerseys at 86 cents, less 9 per cent for 30 days; plaintiff to draw a# sight, inclosing invoices with the draft.
Several invoices of kerseys were sent by the plaintiff to the defendants, between October 30, and November 13th. The bills were made out against the defendants and forwarded to them, and the amounts drawn for, at sight, or one day’s sight, by drafts upon the defendants.
On the 13th, 14th and 15th of November, the invoices were forwarded, for which this action was brought.
Letters were read in evidence, written by the defendants to the plaintiff, showing or tending to show, that they were dealing directly with the plaintiff. No allusion was made in these letters to their contract with Allen, or that they were receiving the goods from the plaintiff, as the agent or otherwise of Allen. While in other letters of the defendants, also read in evidence, they make remote allusion to their agreement with Allen and refer, in terms, to the quantity of kerseys to be furnished under his contract. Both the defendants, in their testimony, substantially, although not* directly, contradict the evidence of the witness Hatch, as to the sale to them ; and they also proved invoices of kerseys forwarded by the plaintiff to the defendants, and bills *201 made out and rendered, in the name of Allen. There was evidence given by the defendants that the plaintiff knew of the contract between them and Allen ; and, by the plaintiff, that he had no knowledge of such contract. Other evidence was given on the one side and contradicted on the other. Among other, that the plaintiff’s first invoices were forwarded at the request and on behalf of Allen, and that subsequently, and before the invoices in suit were sent, the arrangement was modified by the parties, and thereafter the defendants dealt directly with the plaintiff.
The Judge, in charging the Jury, left it for them to determine, from the evidence, whether the goods were sold and delivered by the plaintiff to the defendants, or by Allen to the defendants, the plaintiff acting as Allen’s agent in their delivery. He also instructed them, that if they found there was a contract between the plaintiff and Allen, by which the plaintiff* was bound to deliver to Allen, or to the defendants, as the agents of Allen, then they might inquire whether or not that contract was subsequently modified by the parties, so as to ■ make a new contract between the plaintiff and the defendants. In short, the whole case, without comment by the Judge, was left to the Jury to determine from the evidence.
The Jury found a general verdict for the plaintiff, and we cannot say, that it is even, against the weight of evidence. It is not clearly so. There was sufficient conflict of evidence, to bring the case within the settled rule, and the Court will not disturb the verdict.
The contract between Allen and the defendants provided for furnishing the defendants with the entire production of “ the mill ” in the month of November. The defendants’ counsel asked of a witness what “ mill” was referred to in the contract. This question was objected to and excluded by the Court, to which the defendants excepted.
If any question had been involved in the case, rendering it important to ascertain what mill was intended by Allen and the defendants, it might become necessary to inquire whether there was such an anibiguitas patens, as needed *202 parol evidence to explain. The plaintiff was not a party to the contract, :and .was only .to be affected by notice of its existence, as bearing upon the question of sale. It was quite immaterial what Allen and the defendants intended, so long as the plaintiff was not shown, to have been connected with the contract, either as principal or otherwise. The contract was not in issue. . It was not intended to recover upon it, nor was there .any averment in the pleadings to which the proof offered would apply.. It was not shown, nor attempted to.be shown, that the plaintiff knew that his “mill” was the one contemplated. The evidence was therefore not only immaterial, but would have been improper, in determining, .the only issue the Jury was to try, and was properly excluded by the Court. . .
The judgment and order appealed from, should be affirmed.