By the Court ;

Monell, J.
We have examined the several questions raised by the appeals in this case, and are satisfied no error was committed, except in the form of the judgment which was entered upon the referee’s report; and as we think that error can be corrected without a new trial, we shall order the judgment to be modified, and as modified to be affirmed.
The motion for a new trial was properly overruled. The affidavit upon which the motion was founded did not show that the evidence claimed to have been newly discovered could not have been, with reasonable diligence, ascertained before the trial. It existed at that time, was in the defendant’s possession, and he merely says he “forgot all about the transaction,” and “accidentally discovered them while overhauling a lot of old papers.” A want cf recollection of an existing fact is not a ground for a new trial (1 Gra. & Wat. on new trials, 473, 477).
The only exception raised by the appeal from the judgment which we need notice, was to the decision overruling the objection to the unstamped agreement.
So far as the objection was founded upon the 158th section of the act of Congress of June 30, 1864, which declares that all unstamped agreements are void, we have disposed of it in this Court in the case of The New Haven and Northampton Company v. Quintard (37 How. Pr. R, 29), where it was held that, by the act, such unstamped agreements were void only where the omission to stamp was with intent to defraud the. government, and that the objection must be put on that ground, and affirmatively proved by the party objecting, which was not done or offered to be done in this ease. The objection was merely that the agreement was not stamped, and was therefore incomplete, and offered no objection to its being received in evidence (see *256 also Carpenter v. Snelling, 97 Mass. R., 452; Holyoke Machine Co. v. Franklin Paper Co., id., 150). Such general objection, however, may have been sufficient to present the question of its admissibility under the provisions of the ninth section of the amendatory act of Congress of July 13, 1866. But as that statute relates to, and in important particulars attempts to regulate, the rules of evidence, we arc inclined, without much examination of the subject, to adopt and follow, as we certainly' approve of, the decision of the Supreme Judicial Court of Massachusetts, in Carpenter v. Snelling, supra, where it was held, that the act applied only to the Federal courts,'and could not be extended so as to alter or regulate the rules of evidence in the State courts. We have examined the other exceptions taken at the trial and to the referee’s report, and are of the opinion that no error was committed, except in the form of the decision and judgment, which we will now correct.
There were two causes of action stated in the complaint. One for labor and services, payable in “American gold coimf amount, ing to the sum of three hundred and thirty-three dollars and seven cents; and the other for the sum of two hundred and ninety-six dollars and thirty-one cents, for other labor and services, not contracted to be paid for in gold. The referee reported, that on the tenth day of June, 1864 (the day the demand of payment was made), the sum of three hundred and twenty-seven dollars and eighty-seven cents was due to the plaintiff, payable in American gold coin / and that the same was, on that day, equivalent to the sum of six hundred and fifty dollars and seventy-five cents in the paper currency of the United States. To this latter sum the referee added interest from the tenth of June; and, having also ascertained that the further sum of two hundred and twenty-four dollars and thirty-one cents was due upon the second cause of action, rendered a general judgment for the several sums collectively.
In several cases recently determined by the Supreme Court of the United States (Bronson v. Rodes, 36 How. Pr. Reps., 365 ; Butler v. Horwitz, not reported, except in newspaper), it *257 has been held that there are two kinds of legal tender lawful money of the United States; one of gold and sil/oer, and the other of thQpoa/per currency authorized by acts of Congress; and that contracts, which, by their terms, are made payable in gold or silver coin, may be adjudged by the courts to be valid, and their payments enforced in specie.
It may be a serious question whether the State courts should become obedient to these decisions. In cases properly before it, the decisions of the ultimate federal tribunal in all matters relating to constitutional questions and constructions of State or national statutes, are binding upon State courts. But Congress has not conferred an appellate jurisdiction upon the Supreme Court, in cases arising in the State courts, which do not necessarily involve the validity of some federal or State statute as being in conflict with some provision of the Constitution of the United States; and although that tribunal was reached, in the cases referred to, by means of decisions made in the State courts, declaring the legal-tender act constitutional, yet the Supreme Court entirely rejected and refused to pass upon the only question really involved, and which alone gave to it jurisdiction, namely, the constitutional objection, and, instead of dismissing the appeals when it was ascertained that such objection was not necessary to be passed upon, the Court merely decided that under the act contracts payable in gold, &c., might be collected.
However, without denying their authority, and following such decisions as well as we may be able, let ns see how we can conform the judgment before us to the law as established by the cases referred to.
In the case of Butler v. Horwitz, in error from the Court of Common Pleas of the State of Maryland, the contract was payable in gold, and the judgment was for the value of the gold in currency, with interest. This the Supreme Court say was erroneous. The Chief-Justice says, “the damages should have been assessed at the sum agreed to be due, with interest, in gold, and judgment should have been entered in corn for that amount, with costs.”
*258 In the ease before us, the referee, following the decision in Butler v. Horwitz, should have assessed the damages on the gold contract at the sum due, with interest, vn gold, and for that part of the recovery the judgment should have been entered and its payment directed in com, with costs.
As all the facts are before us, we will order the judgment to be modified nunepro tunc, so that it shall adjudge that there is due to the plaintiff from the defendant, upon the first cause of action, the sum of three hundred and twenty-seven dollars and eighty-seven cents in gold; and the further sum of eighty-nine dollars and fifty-two cents, for the interest thereon, also in gold; amounting together to the sum of four hundred and seventeen dollars and thirty-nine cents in gold, and that the plaintiff recover the same from the defendant in coin. And that it shall farther adjudge, that there is due to the plaintiff from the defendant, upon the second cause of action, the sum of two hundred ■and twenty-four dollars and thirty-one cents, and that the plaintiff recover the same from the defendant. And further, that the plaintiff recover his costs.
Upon the plaintiffs consenting to such modifications, the judgment, as modified, will be affirmed, without costs of the appeal to either party. Otherwise, the judgment to be reversed .and a new trial ordered.