THIS case was heard at the last, and held under advisement, until the present term of the court. It was an action of indebitatus assumpsit for money had and received, and on an account stated, with a bill of particulars filed by the plaintiff which stated that the demand was for one hundred dollars deposited in the hands of the defendant on the 30th day of October, 1868. That on that day the plaintiff and one John Mealy entered into a contract or bet, whether one Jacob Richardson had theretofore been a member of a society or organization known as The Union League, the plaintiff alleging that he had, and the said Mealy that he had not, to be paid over to the winner, and that the plaintiff had won it, but that the defendant had refused to pay him the same on demand c. To which the defendant demurred both generally and specially.
T. F. Bayard, for the defendant. The action was not simply to recover a sum deposited by the plaintiff on a wager, but it goes to the whole contract of wager, and *Page 210 
aims to establish such a contract and to enforce it in a court of justice. We have no statute in this State in regard to such a wager as this was, but even, when the wager is innocent in its character and not prohibited by statute, the most eminent Judges in England have regretted that it had ever been held or recognized that it could afford any ground for an action at law in the courts of that country. The first reported case in which it had been so held there was that of Jones vs. Randall,Cowp. 37. But in the next case in which the question arose, it was held to be a good ground of objection to such an action, that it would materially affect and injure the interests or the feelings of a third person involved in the question of the wager, but not in the suit upon it and, therefore, the action would not lie. Da Costa vs. Jones, 2 Cowp.
729. So where the wager was on the age of a certain lady, the Court for that reason refused to entertain the action; and where the bet was simply whether a certain person had bought a certain wagon, Buller, Justice, strongly disapproved of entertaining the suit because of the light and frivolous character of it. Good vs. Elliott, 3 T. K. 693. If the wager has a mischievous or pernicious tendency, or materially affects another injuriously, an action will not lie upon it. Gilbert vs.Sykes, 16 East 150. And where it was on the practice of the court in regard to a certain matter, Lord Ellenborough refused to entertain the action, and the court in banc sustained his decision. Henkin vs. Guerss, 12 East 247. And in this country it has been held that a bet on the election of a Governor of the State of New York, was no ground for an action at law, though not prohibited by statute, and in which the doctrine of the English cases just cited was recognized and approved.Bunn vs. Riker, 4 Johns. 425. It had also been so recognized and ruled in this State. Porter vs. Sawyer, 1 Harr. 517.
But a few remarks would be required to show the application of the principle ruled in the cases cited, to the case now before the Court. At the time when the wager was *Page 211 
made, there were a great many people in this community who would have considered it a great reproach and a personal offence to be charged with being a member of The Union League, and with whom such a charge was well calculated to seriously affect, prejudice and compromise the person referred to politically, at least; and which that charge and this wager was directly designed to do in the present case by the party who made it and risked his money in the bet upon the faith and truth of it. It was, withal, frivolous in its character, and was not such a matter as should be allowed to engage the time and attention of the Court and jury to the delay and detriment of graver and more important business; and the courts of England had in many cases refused to entertain such suits upon that ground alone. Besides, it is a well settled rule of pleading, that in a declaration upon an executory, but not on an executed contract, the count must be special, and that indebitatus assumpsit will not lie for a wager, although it will lie to recover a deposit simply made upon a wager; yet even in that case, a demand and refusal before the commencement of the suit must be proved. 1 Saund. Pl. Ev. 185, 191.
Gordon, for the plaintiff. There is nothing disclosed or apparent upon the record of the suit as it now stands before the court on the demurrer in the case to show, or from which it can even be presumed, that the wager could prejudice or affect in any manner, either the feelings or interests of the gentleman referred to, Mr. Richardson. There is no evidence, of course, before the court in the case, and it does not appear from the record that he was a candidate for any political office at the time when the bet was made, nor did it appear, or could it appear, except by a gratuitous and unwarrantable assumption, that the question of fact involved in the wager between the parties to it, was in the slightest degree prejudicial to his interest or disagreeable to his feelings, or that it could in any way whatever affect or compromise him in the estimation of any one; *Page 212 
nor does it appear, so far as the case now stands between the parties to it, that he at all objected to the bet, or did not heartily approve of it, and even authorize his friend, Mr. Mealy to make it. All that had been said on that point on behalf of the defendant, was, therefore, wholly beyond and outside of this case as it now presents itself to this court. There is no statutory provision in this State against such a wager, nor is there any principle of common law, as recognized here, to prohibit an action upon such a contract. The amount involved, though not large, was not frivolous; but even if it were so, if the case comes clearly within the jurisdiction of the court, it could not, and would not, refuse to entertain the action on that ground alone.
If money is deposited in the hands of a stakeholder to abide the event of a lawful game or race, and then to be paid to the winner, he holds the money as agent for the winner, and is bound on demand to pay it over to him. Add. on Contr. 529. It is not clearly settled that an action ofindebitatus assumpsit will not lie on a wager; but it is settled that it will lie against the stakeholder. Bunn vs. Riker, 4 Johns. 438. There are undoubtedly limitations to the rule that wagers are lawful; such for instance, as incite to a breach of the peace, or to immorality, or which affect the feelings or interests of a third person, or expose him to ridicule, or libel him; and also wagers against sound policy, are illegal so far, at least, as that no action at law will be entertained upon them at the suit of the winner to recover the wager. Bunn vs.Riker, 4 Johns. 438. A wager in regard to a third person not affecting his feelings, interests, or reputation prejudicially, is recoverable in an action at law. Bland vs. Collett, 4 Camp. 157. Where therefore, the wager is lawful, or is not illegal, the stake holder holds the money deposited in his hands as agent for the winner, and when the winner is ascertained by the result of the event in dispute, he has a right to treat him as having gotten into his hands money which in the result of a lawful transaction belongs to him. Applegarth vs. Colley, 10 Exch. 735.Emery vs. Richards, 14 Exch. 726. *Page 213 
 By the Court. The parties to this action had no interest whatever in the fact on which the wager depended, except that which was created by the wager itself, and which was calculated to annoy and affect prejudicially both the feelings and interests of the person to whom it related. What right in justice and reason has any man by a bet of this kind, to subject a third person to the mortification and annoyance, the publicity and exposure of a judicial trial, to determine whether a charge made by him that such person is a member of The Union League, or any other public or secret society, is or is not, in point of fact true? When the wager is calculated to seriously interfere with, or to prejudicially affect the character and reputation, or the private rights, feelings, or interests of a third person who ought not to be subjected to the injury and detriment, or the humiliation, mortification or annoyance of such a public investigation and exposure in relation to the matter, we are inclined to go as far as any of the cases decided on the subject, either in this country or in England will warrant; and we take occasion here to say that we decide this case on the principles ruled and recognized in this court in Porter vs. Sawyer, 1Harr. 517. And we, therefore, give judgment for the defendant on the demurrer.