By the Court.—Monell, J.
The contract in this case was in the alternative, to pay five and a half cents in gold coin, or nine cents in currency. The defendants had the option, at any time before default, to pay in either kind of money.
But if, within the proper time, they had failed to ■ exercise the option, they would have lost the right of election, and the plaintiff could have elected for himself. The rule is, that if a party is bound to make an election, by performing one or other alternative by a certain time, and suffers the day to pass, without performing either, he loses his election, and the other party may elect for himself (2 Pars, on Con. 169). As where the condition of a bond was to pay six hundred . dollars in one year or four hundred in six months, &c., and the obligor failed to do either, he lost his right to elect, and the obligee could recover the larger sum (McNitt v. Clark, 7 J. R. 465; Smith v. Sanborn, 11 Id. 59).
The option of the defendants continued until the debt was payable, and its payment was demanded. If when such demand was made, they failed to make their election to pay either in coin or currency, then, probably, the plaintiff could elect for himself; and the election might be evidenced by his action to recover judgment for the agreed price in currency, unless he was concluded by his previous acts.
In November, 1865, the plaintiff presented to and left with the defendants, sundry bills for advertising during the months from March to October inclusive, and a portion of November. Those bills were made out on the basis of four and'óne-half cents in coin, and *143 the demand of payment then made was for such money.
Thus the plaintiff, as regards those bills, elected, so far as he could or has the right to elect, to receive payment in gold instead of currency. Besides, there was some evidence, contradicted, it is true, that in the preceding June or July, the parties, by agreement, fixed the rate of gold for future .and past advertisements.
The fact, however, of the presentation of such bills by the plaintiff, and their receipt without objection by the defendants, is sufficient to show the understanding of the parties. ¡Neither seem to have contemplated any other than the four and a half cents in gold ; and I think the plaintiff must be concluded by such understanding.
The. defendants had the right, after that, to believe that gold would be the medium of payment. They were parties to the alleged agreement fixing the rate of gold; they received the bills, drawn payable at the gold rate, without objection ; and thus elected, as far as they could, or were bound to elect, to pay at such rate.
Certainly the plaintiff cannot, after having, in effect, agreed to the gold rate, claim now to recover the currency price, upon any ground of a waiver of election by the defendants. Even if upon this contract, there was any .time before suit brought when they were bound to elect between the gold and currency price, they must be deemed to have made such election, both when they agreed as they say they did, with the plaintiff, on the rate of gold, as a satisfaction of the contract, and when they received the bills rendered at the gold price, without objection. And the proofs of their having so elected, especially that derived from their acquiesence in the bills rendered, are equally potent, to estop the plaintiff from considering it an open question
*144 The referee therefore erred, as I think, in estimating the plaintiff’s claim at the currency price. He should have calculated it at the rate of four and a half cents in gold.
The contract, therefore, being payable in gold, the damages, under the authority of Butler v. Horwitz, cited in Quinn v. Lloyd, 1 Sweeny, 253, 257, should be assessed at the sum found to be due, in gold, and judgment entered in coin at that amount, unless, under an • amended complaint, the plaintiff can establish a right to recover in currency, the rate alleged to have been agreed upon, as the value of gold in currency, namely, one hundred and forty per cent.
Another error of the referee, was, in allowing for any advertising after the termination of the contract by the notice of February, 1866.
The plaintiff’s written proposal was to insert the advertisements “ during the year 1865,” and the defendants accepted the proposal only to that extent. There was no direct evidence of an extension of the time into any part of the succeeding year. But be that as it may, by the notice of February, 1866, all right to continue the advertisements terminated. The contract was revocable by either party, and when either party saw fit to rescind, he left himself merely exposed to an action for damages. But for all purposes of further execution, the contract was at an end, when the notice of February was given; and for any advertising after that day, the defendants are not responsible. And although the measure of damages for a breach of the contract, might be the contract price, until the advertisements could be stopped, yet such damages, without an amendment of the complaint, at least, could not be recovered in this action.
It would not be proper for this court to reverse any finding of fact of the referee, which has been found upon conflicting evidence, merely because we might *145 think such finding was not supported by the clear weight of the evidence. We have not, therefore, undertaken to disturb any of his findings of fact, except so far as such findings are unsupported by evidence, upon the construction which we have put upon -the contract, and the respective rights of the parties. Upon such construction the referee should have found for the gold instead of the currency price. And he should have confined the recovery to a period anterior to the revocation of the contract.
As we cannot adjust the amount to which, upon the principles we have stated, the plaintiff may be entitled, there must be a new trial.
We have not found it necessary to examine the other questions raised by the exceptions in this case, both as respects decisions of the referee, admitting or excluding evidence, or other findings of fact.
Except such questions as we have here determined, another trial will not be controlled by the judgment of this court.
Judgment reversed, order of reference vacated, and new trial granted, with costs of the appeal to the appellants, to abide the event of another trial.