By the Court.—Curtis, J.
There is no force in the defendant’s objection that the verdict is contrary to the evidence, and not sustained. The plaintiff testified to his employment by the defendant, and that he rendered the services on his behalf, and at his request. Other evidence in the case corroborates the plaintiff’s statement. There was conflicting evidence on the defendant’s part, and these questions of fact were fairly submitted to the jury, who found for the plaintiff. Ho sufficient reason is shown to set aside the verdict as contrary to evidence.
The jury having found for the plaintiff upon the issues of fact, the defendant urges that there was no evidence upon which they could’ determine the value of the plaintiff’s services. The plaintiff was bound to prove the value of his services. The plaintiff *394 testified without objection that he considered the services which he had performed for the defendant, and which he enumerated, were worth from fifteen thousand dollars to twenty thousand dollars. He had previously testified as follows: “I have had other cases besides this to settle, where I have come into contact with others engaged in the same business. My familiarity with others in the same business in the city of New York has continued more or less for three years. I have had other cases to settle for creditors against other parties-—merchants in New York. I have been engaged in the general collection business, and in having suits-brought, &c., in connection with collections.” Another witness testified to having ten or eleven years’ experience in this class of business, and to having a knowledge of the value of such services. In answer to a question enumerating the services which the plaintiff testified he had rendered, and asking him what, in his judgment, the plaintiff would be entitled to for such services, the witness estimated them to be worth twenty thousand dollars. Before answering the question, it was objected to generally by the defendant, no ground of objection being specified, and an exception was taken to the ruling of the court admitting the question.
Upon the argument, it was claimed that this question was based upon a set of facts not in the case, and that the exception was well taken. The exception is untenable for two reasons. The defendant should have stated the ground of his objection to the court, so that his opponent could have had the opportunity very possibly of obviating the objection. It is no part of' the policy of the law that objections for which no reason is assigned, lest they should be obviated, should be sustained (Walsh v. Wash. Ins. Co., 32 N. Y. 440 ; Fountain v. Pettee, 38 N. Y. 186 ; Mallory v. Perkins, 9 Bosw. 577).
*395 Again, upon the ground claimed at the argument, that the question calling out ttm answer was based upon a set of facts not proved at the trial, the exception fails ; for there appears to be nothing stated in the question except what was testified to at the trial. If there was any error, it should have been pointed out, so that it could have been corrected in the question. The plaintiff, by a general objection to a question of this kind, is not obliged to consume time, and protect himself, by reading over all the testimony as to the plaintiff’s services, and then ask the witness his opinion as to what they are worth.
Another ground upon which the defendant seeks-to have the judgment reversed is, because the plaintiff’s counsel, in summing up to the jury, referred to matters which, when offered in evidence, had been excluded by the court.
It is no part of the office of an advocate to seek to influence the verdict of a jury, by presenting to their consideration, in his summing up, matters which have been excluded as evidence by the court. Especially when objected to, it is the duty of the court not to permit it. To allow matters excluded as evidence, to be referred to, or presented, in summing up, so as to affect the deliberations of the jury, or to influence their passions or prejudices, or otherwise to lead them from the line of duty pointed out by their oaths, is at variance with the primary principles of justice. Acts of this kind lead to unjust verdicts, and where they have the sanction* of the judge, call for a reversal of the judgment (Koelges v. Guardian Life Insurance Co., 57 N. Y. 638 ; Crandall v. People, 2 Lans. 312'.
But it must be observed that the present case differs in these respects from those referred to. There is-no exception, and none could be made, as the ruling was in defendant’s favor. Again, in the reference (on two occasions) by defendant’s counsel, in his summing *396 up, to matters which had been excluded when offered in evidence, the case shows that such reference was promptly objected tó, and immediately rebuked by the court, and not persevered in by the defendant’s counsel. Under such circumstances, unless it was apparent that such reference was made in bad faith, and may have prejudiced the objecting party with the jury, a reversal is not called for.
The defendant fails to show that he was, or could have been, prejudiced with the jury, by the reference to these matters by the counsel, nor is it easy to see how he could be ; while there is nothing in the case that establishes that the reference to these matters by the counsel was anything more than a misapprehension as to the evidence. It would, under such circumstances, be unwise and unjust to reverse the judgment for this reason.
The defendant seeks for a new trial on the ground of newly-discovered evidence. It appears that in March, 1874, a few days after the verdict, Mr. Edwin Hoyt stated to the defendant, and to one of his counsel, that he had paid the plaintiff in full for the services. Mr. Hoyt died in May following. Ho affidavit of his is presented, nor are any copies of entries in his books, or of receipts from the plaintiff, or memoranda even, of any kind, presented to confirm Mr. Hoyt’s statement though he referred to his books in his conversation about it. If this had been done, the plaintiff might have had an opportunity of explaining or meeting it.
As it is, the plaintiff denies that he has been paid any compensation by Mr. Hoyt for these services, and does not dispute the affidavit of the defendant’s counsel, that he told him so, and who claims to have been misled by such statement of the plaintiff.
It appears that the relation's between the defendant and Mr. Hoyt were very intimate, and had so continued *397 for many years; that the defendant had proposed to the plaintiff to refer this controversy to Mr. Hoyt, as referee or arbitrator; and that after the trial, Mr. Hoyt was as usual about his business until within a week of his death.
This motion for a new trial was noticed upon affidavits for the first Monday of March, 1874, and some weeks' before Mr. Hoyt’s decease.
Considering the long period that intervened between the rendering of the services and the trial of the action, and the familiar intercourse between the defendant and Mr. Hoyt, it appears extraordinary that the defendant should not have discovered this payment to the plaintiff, if it had really taken place. A very moderate degree of diligence on the defendant’s part would have led to the discovery of it before the trial, or at least have secured Mr. Hoyt’s affidavit and documentary proofs, if any there are, of such payment, for the purposes of the motion for a new trial.
To grant a new trial on the ground of newly-discovered evidence, where there is no affidavit from the witness as to what he will testify to, and in case of his death, where there are no documentary or other proofs offered to corroborate or establish what it is alleged could have been shown by him, would be a departure from well settled rules. Besides this, a party is bound to be reasonably diligent in ascertaining and presenting his evidence at the trial. It would be a dangerous doctrine to allow a party to take his chances at a trial without reasonable nreparation, and then grant him a new trial, because he had through his own neglect omitted to discover and present evidence that lay in easy reach (Oakley v. Sears, 7 Robt. 111: Quinn v. Lloyd, 1 Sweeny, 253 ; Adams v. Bush, 2 Abb. Pr. N. S. 104 ; Shumway v. Fowler, 4 Johns. 425 ; Deom v. Morrill, 1 Hall, 382).
*398 The judgment and order appealed from should be affirmed with costs.
Sedgwick, J., concurred.