O'CONNOR v. McLAUGHLIN.

(Supreme Court, Appellate Division, Second Department. March 6, 1903.)

1. APPEAL—ORDERS—FILING IN CLERK'S OFFICE.

Where an order appealed from was marked and indorsed "Filed" as of July 17th, such indorsement was equivalent to an entry of the order in the clerk's office, sufficient to support an appeal therefrom.

2. DEPOSITIONS—MOTION FOR NEW TRIAL.

Code Civ. Proc. § 885, providing that where a party intends to move in a court of record, and it is necessary to have the affidavit or deposition of a person not a party, the court may appoint a referee to take such deposition, authorizes the taking of the deposition of a witness to be used on a motion for a new trial.

3. SAME—CONTRADICTION OF WITNESS.

Where, in a suit to enforce a trust in favor of an incompetent against a decedent's estate, a witness testified that she was not interested therein, and an application for a new trial for newly discovered evidence alleged that such witness had subsequently stated that plaintiff had made a collusive agreement with her that, in the event of a recovery, all of the heirs of incompetent's deceased father, including the witness, should share therein, the fact that such witness had previously testified on the trial was no valid objection to an application for an order to take her depositions in support of the motion.

·Appeal from Special Term, Kings county.

Suit by Ann O'Connor, as committee of the person and estate of ·Grace McLaughlin, an incompetent, against Pauline McLaughlin, individually and as executrix of Hugh McLaughlin, deceased.· From ·an order appointing a referee to take the deposition of a witness, to be used on a motion for a new trial, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HIRSCH-BERG, JENKS, and HOOKER, JJ.

Henry F. Cochrane, for appellant.

Herbert T. Ketcham (Joseph E. Owens, on the brief), for re-·spondent. .

GOODRICH, P. J. The appeal is from an order, made under sec-tion·885 of the Code of Civil Procedure, granting leave to the defend-ant, after trial of the action, to take the deposition of Mary Law, who was a witness on the trial, which deposition the defendant desired to use on a motion which she intended to make for a new trial on the ground of newly discovered evidence. The action was brought by the plaintiff, in favor of her incompetent sister, to establish a trust in favor of such incompetent in the proceeds arising from the sale of No. 51 Jay street, Brooklyn, and for an accounting of the rents and profits thereof.

John McLaughlin, deceased, was the father of four children, the plaintiff, Ann O'Connor, the incompetent, Grace McLaughlin, Mary Law, and Mary L. Clabby. In 1858 Hugh McLaughlin, now de-·ceased, bought the house in question at a foreclosure sale with money advanced by John McLaughlin, deceased, under an agreement that he (Hugh) would hold the same for the benefit of Grace, who had been an incompetent from her birth. Grace lived in the family of Lorenzo O'Connor, the husband of the plaintiff, Ann. The plaintiff produced two witnesses on the trial—Lorenzo O'Connor and Mary Law—who testified to numerous declarations of Hugh that he held the house in trust for Grace. These two were the only witnesses to such declara-tions. Lorenzo also testified that, a week before the foreclosure sale, Hugh McLaughlin told him that he was going to buy the house in trust for Grace with money furnished by John, her father.

The court rendered a decision in favor of the plaintiff, and an inter-locutory judgment was entered in May, 1902, directing an accounting of the rents and profits. The present motion was made in July.

The respondent argues that the appeal should be dismissed on the ground that the notice of appeal is "from an order of the Special Term, granted on the 16th day of July, 1902, and entered in the office of the ·clerk·of the county of Kings on the 16th day of July, 1902." Possibly this is technically correct. The order is not an order of the Special Term, but is the order of a judge. Section 1304 provides that an ap-peal cannot be taken from an order made by a judge out of court until ·it is entered in the office of the proper clerk. The only language in the record on appeal showing that the order was entered·is the words: "Granted July 16th, 1902. Charles T. Hartzheim, Clerk." But an

examination of the order in the county clerk's office shows that it is marked and indorsed "Filed" as of July 17th. This is equivalent to an entry of the order in the clerk's office.

· The appellant contends that section 885 does not authorize the order, because it relates only to the examination of witnesses before trial. But there is no such limitation in the section. In terms, it covers all cases where a party wishes to use the deposition on a motion—whether before or after judgment. Neither is it an answer to the application that the person to be examined was a witness at the trial, and was examined as to the proposed subject of investigation, especially where, as here, the claim is that the witness has, since the trial, substantially admitted that there was a concealment, either intentional or unintentional, of facts which might have a very large influence upon the determination of the court whether or not a new trial should be granted for newly discovered evidence. That evidence is to the effect that while the action is in the name of, and apparently for the sole benefit of, Grace, it is really brought for the benefit of all four children of John, and that the plaintiff, one of said children, had made an agreement with one or more of the others that in the event of recovery they should all share therein, and that the action was brought in the name of the incompetent because it was supposed that there was a better chance of recovery by an action in her behalf than if all had joined therein.

It is to be noted that if the action had been brought by and in the name of all the four children, and to establish a trust in their favor, including Mrs. Law, as plaintiff, she could not have been examined as a witness in her own behalf, and, so far as her own interest was concerned, as to any conversation between her and the deceased, Hugh McLaughlin.

Mary Law, on cross-examination, was asked whether she did not consider the property as belonging to other children than Grace, and she disclaimed any interest therein; but that does not meet the question, because she might have been relying upon the promise of Mrs. O'Connor to pay her a share out of the proceeds of this litigation. If it be a fact that she has admitted, as the moving papers allege, that she had entered into a compact with the plaintiff upon a corrupt agreement to conceal important evidence, which might have a very decided influence in the determination of the issues, we ought not to be swift to discover reasons for refusing the defeated party an opportunity of securing evidence upon which to make her motion.

It is true, as was held in Fleming v. Hollenback, 7 Barb. 271, and the cases there cited, that a new trial will not be granted on account of newly discovered evidence if the evidence is only material to impeach or contradict witnesses sworn on the former trial; but the attempt to secure a new trial has a deeper foundation. The defendant's attack is not confined to the ground stated in the Fleming case, but discloses the purpose of showing a completed plan of conspiracy and subornation of perjury, by which, if the defendant's contentions are true, the court has been misled and deceived, and the defendant defrauded. We are not called upon to lay down, and are not laying down, any rule as to the rules upon which the motion for a new trial hereafter to be

made is to be decided, but simply to enable the defendant to present his claim for adjudication. The order should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.