## SMITH VS. CUSHING.

A party applying for a new trial on the ground of newly discovered evidence must give the court the best possible proof of the existence of such evidence.

Where the evidence relied upon is the testimony of a newly discovered witness, the party must produce the affidavit of the witness himself, or satisfactorily show why he cannot do so.

But where the affidavit for a new trial stated that the newly discovered witness was absent from the state in which both he and the party making the application resided, and that the latter was unable to find him or procure his affidavit to be used on the hearing of the motion, and also stated important facts to which the witness was expected to testify: *Held*, that it was not an abuse of discretion for the court to grant a new trial.

APPEAL from the Circuit Court for *Polk* County.

This was an action for the recovery of a money judgment for about $16,000. The answer denied the causes of action alleged in the complaint, and set up counterclaims. There was a reply in partial denial of said counterclaims. Upon a trial in April, 1861, the jury rendered a verdict for the defendant for $1,783.14, the amount of counterclaim admitted by the reply, and judgment was rendered accordingly. No evidence

was offered in behalf of the plaintiff at said trial, and the plaintiff himself was not present. In April, 1862, the plaintiff's attorney served upon the defendant's attorney notice of a motion to set aside the judgment and grant a new trial. Among the affidavits upon which said motion was founded, was one of the plaintiff, in which he states, in substance, that the cause was brought to trial during his absence from this state in the territories of Nevada and Colorado, and without his knowledge and contrary to his expectation; that the most important part of affiant's business in the territories above named was to find one Pierson, who was a material witness in his behalf in the cause, and that he failed to find him; that the attorneys employed by him to attend to the cause had neglected to do so; that the admission in the reply filed for him, of a part of the counterclaims set up by the defendant, was false in fact and not authorized by him; and that the person who attended as his attorney upon said trial was not authorized to act as such. The affidavit then states that one Bodfish, "late of Cedar Rapids in the state of Iowa * * can and will, as this deponent is informed and believes, testify to the fact that the defendant herein repeatedly admitted to said Bodfish a large indebtedness against him, said defendant, in favor of this deponent, on the subject matter of this suit; that such evidence has been discovered by this deponent since the said trial, and was not previously known by this deponent to exist; and the same is material to this affiant as he is informed and verily believes; * * and further said Bodfish has informed affiant by letter that he is in possession of information which he thinks will be of great importance to affiant in this suit; and affiant believes that he will be able to get the testimony of said Bodfish to use on this trial, but has not yet been able to find him on account of his absence from the state." Counter-affidavits were filed by the defendant. The court granted the motion to set aside the judgment and for a new trial; and the defendant appealed.

*Allan Dawson*, for appellant, contended that the circuit court abused its discretion in granting a new trial in this case. As to the affidavit of newly discovered evidence, the allegation of its materiality is made upon the information and belief of the plaintiff; and there is no affidavit by the witness himself as to the facts of which he is cognizant, nor any statement of facts by any one from which the court can conclude as to its importance. *Dunbar v. Hollinshead*, 10 Wis., 505.

*James B. Gray*, for respondent.

*By the Court*, DIXON, C. J. We cannot say that the granting of a new trial was an abuse of the discretionary power vested in the circuit court. If it ought not to be granted on account of the absence of the witness Pierson, or because the plaintiff was negligent in seeking and procuring his testimony, still we think it should be granted on the ground of newly discovered evidence. It is true, in general, as decided by this court in *Dunbar v. Hollinshead*, 10 Wis., 505, that the party asking a new trial on this ground must give the court the best evidence possible of the newly discovered testimony, that is, the affidavits of the newly discovered witnesses themselves to the facts to which they are ready to testify. But this rule is not without its exceptions, wisely adopted to meet the exigency of cases where a compliance with it becomes impossible. As was observed in that case, " he must produce the affidavits of the witnesses themselves, or satisfactorily show why he cannot do so." It appears to us that the plaintiff satisfactorily excuses himself for not producing the affidavit of Bodfish. The plaintiff's affidavit was made in the state of Iowa. Bodfish, the newly discovered witness, resides at Cedar Rapids in that state. At the time of making the affidavit, Bodfish was absent from the state, and the plaintiff had been unable to find him or to procure his affidavit to be used upon the hearing of the motion. He states the facts to which he is informed and believes Bodfish will testify, namely, that the defendant admitted to

him, Bodfish, that he, defendant, was largely indebted to the plaintiff on account of the demand in suit. The plaintiff furthermore states that Bodfish had informed him by letter that he was in possession of information which he thought would be of great importance to the plaintiff in the action. These circumstances, it seems to us, sufficiently excuse the non-production of Bodfish's affidavit. The plaintiff being unable to procure his affidavit or to obtain an interview with Bodfish personally, more full or direct proof of the newly discovered evidence could not reasonably be required.

Again, we cannot forget the misfortunes which seem to have attended the plaintiff's action from the beginning—the misunderstandings of counsel, the non-attendance of his counsel at the place of trial, the absence of his most material witness, and above all the fact that judgment passed against him upon so important a claim without any investigation of the merits whatsoever. We think the order for a new trial should stand.

Judgment accordingly.