Atkinson *et al. v.* Saltsman. .

## No. 397.

### ATKINSON ET AL. *v.* SALTSMAN.

PRACTICE.—*Appeal.—Objections not Raised Below.*—The alleged refusal of
the court to submit an interrogatory to the jury will not be considered
on appeal, where it does not appear that any request therefor was made,
and such refusal was not specified as a cause in the motion for a new
trial, or in any other manner saved in the record.

NEW TRIAL.—*Newly-Discovered Evidence.—Submission of Affidavit.*—A new
trial will not be granted on the ground of newly-discovered evidence,
where the affidavit of the proposed witness is not submitted, but the
court is asked to give the party applying till the next term to pro-
duce it.

SAME—Where the evidence is not in the record, and the Appellate Court
is unable to ascertain whether alleged newly-discovered evidence is
merely cumulative, or would likely produce a different result, the over-
ruling of a motion for a new trial on that ground will not be set aside.

From the Benton Circuit Court.

*D. Fraser* and *W. H. Isham,* for appellants.

*J. T. Brown* and *E. G. Hall,* for appellee.

REINHARD, J.—Appellee, Saltsman, sued the appellants,
Atkinson and Alexander, on a promissory note upon which
Alexander was principal and Atkinson surety. The appel-
lants separately demurred to the complaint, and the demur-
rers were overruled. Thereupon each of the appellants filed
a separate answer, in two paragraphs, pleading payment and
a set-off from Alexander to Saltsman. To each of these
answers the appellee filed a reply in three paragraphs, viz. :

1. The general denial.

2. A set-off to Alexander's set-off.

3. Payment of Alexander's set-off.

The issues thus joined were submitted for trial to a jury.
It was agreed by the parties that in place of a general or
special verdict the court should propound interrogatories to
the jury, and the answers to these were to be treated as a
special verdict, upon which the court was to render judg-
ment for the plaintiff, or defendants, as the facts therein

found might warrant.    The interrogatories and the answers returned by the jury are as follows :

" 1.    What was the amount due of principal and interest on the note sued upon by the plaintiff at the time this action was commenced, on the 25th day of February, 1890?    Answer :   $110.21.

" 2.    What is the amount of principal, interest, and attorney's fees due on the note at this date, Nov. 27, 1890?    Answer :    $127.78.

" 3.  What amount, if any, do the jury find there is due at this time from the plaintiff, Saltsman, to the defendant Alexander on the   said defendant's set-off  set  up  in his answer ?    Answer :   Not anything.

" 4.    What amount, if any, do the jury find there is due the plaintiff from the defendant Alexander on the set-off set up in the plaintiff's reply ?    Answer :    Not anything.

" 5.    Did the defendant, Atkinson, execute the note in suit as surety for the defendant Alexander?    Answer :  Yes."

Upon this verdict the court rendered judgment for the appellee for $127.78, against both appellants, but ordered that the judgment should be first satisfied out of any property of the defendant Alexander that might be found subject to execution.

The appellants moved for a *venire de novo,* which motion was overruled.    They thereupon moved the court to require the jury to make their findings more specific " as to the question of payment."    This motion was likewise overruled.

The appellants thereupon moved for a new trial for the following causes :

1.    Newly-discovered evidence.

2.    The verdict is not supported by the evidence.

3.    The verdict is contrary to law.

4.    The court erred in giving certain instructions.

5.    The court erred in overruling the appellant's motion for a *venire de novo.*

Atkinson *et al. v.* Saltsman.

6.   The court erred in overruling the appellants' motion to require the jury to make their finding more specific in respect to the defence of payment.

7.   The court erred in refusing to permit the jury to find on the issues of payment.

The motion was overruled, and this appeal is prosecuted.

The following specifications of error appear in the record :

" 1.   That the court erred in overruling the appellants' demurrer to appellee's complaint.

" 2.   That the court erred in overruling the appellants' demurrer to appellee's reply.

" 3.   That the court erred in overruling appellants' motion for a new trial."

The appellants' counsel, in their brief, contend that the court should have submitted an additional interrogatory to the jury to this effect:   " In what amount was the payee of the note indebted to the principal maker thereof at the time of the commencement of this action, without taking into consideration any item set up in the reply ?"

We have searched the record carefully, but have not been able to discover where the court was asked to submit any such interrogatory to the jury.   Nor was such refusal specified as a cause in the motion for a new trial, or in any other manner saved in the record.

The appellants' counsel also complain that the court erred in overruling appellant's motion to require the jury to find on the issue of payment.   We do not find that any interrogatory was submitted to the jury "upon the question of payment."   Each of the interrogatories was answered fully and specifically.   The record shows that the appellant agreed to the submission of these interrogatories, and fails to show where he requested any others that were refused.

Appellants' counsel have not argued the question of the overruling of the motion for a new trial. They merely suggest, in their brief, that if they had a new trial they " could

show that the items of indebtedness set up in the answer were to have been applied to the payment of the note."

The time to have shown this, however, was upon the trial of the cause. No showing is made by which the appellant brings himself within the rule for obtaining a new trial for newly-discovered evidence. The affidavit of the proposed witness was not submitted, but the court was asked to give the appellant till the next term to produce such affidavit, which request was properly denied. Besides, the evidence is not in the record, and we could not, therefore, know whether the newly-discovered evidence was merely cumulative, or was such as would likely produce a different result. No other errors are discussed.

Obviously this appeal was taken for delay only.

The judgment is affirmed, with ten per cent. damages.

Filed Dec. 8, 1891.