CELIA SOEBEL *vs.* BOSTON ELEVATED RAILWAY COMPANY.
ABRAM SOEBEL *vs.* SAME.

Suffolk. ' November 14, 1907. — December 31, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & PUGG, JJ.

*Evidence,* Presumptions and burden of proof. *Practice, Civil,.* Judge's charge, New trial. *Evidence,* Hearsay in preliminary affidavit. *Rules of Court.*

In a civil case the presiding judge in explaining the term " burden of proof " told the jury that they could not find in accordance with a particular contention unless it was " proved that it was so," and added " by proved that it was so I mean a balance of proof in favor of the theory. . . . The plaintiff must make his side heavier, stronger in favor of the proposition to your minds, than that of the defendant, because if your minds remain balanced you will have to give a verdict for the defendant." In another place he said " such damages as are proved by a fair preponderance of the evidence she is entitled to recover for, and those which she has not so proved she is not entitled to recover for." *Held,* that from these instructions the jury must have understood the law upon the subject correctly, although the judge made further explanations which were not so clear.

On an application for a new trial on the ground of newly discovered evidence, affidavits under Rule 31 of the Superior Court setting forth what a person other than the affiants has said showing his knowledge of important facts which were not known to the applicant at the time of the trial, should not be rejected because based on hearsay, if the affidavit of the witness who knows the facts cannot be obtained, and should be received and considered by the trial judge to whom the application is made, it being for him to say how much weight should be given to them.

Two ACTIONS OF TORT, the first by Celia Soebel for personal injuries alleged to have been received by her on June 12, 1901, from the alleged negligence of the servants of the defendant in starting an open electric car from which she was alighting as a passenger, and the second by Abram Soebel, the husband of the plaintiff in the first case, for damages from his loss of her services and the expense of attendance and medicines incurred by reason of her injuries.   Writs dated June 3, 1903.

In the Superior Court the cases were consolidated and were tried together before *Bell*, J.   On the question of liability the defendant admitted that if the plaintiff's story was true the defendant was liable, and the question was whether the witnesses of the plaintiff or those of the defendant were to be believed. The evidence at the trial related largely to the issue of the nature and extent of the injuries of the plaintiff in the first case. The plaintiffs' contention was that two days after the accident the plaintiff Celia as a result of it had a miscarriage from the consequences of which she never had recovered.

The jury returned a verdict for the plaintiff in the first case in the sum of $9,375 and for the plaintiff in the second case in the sum of $1,533.   The defendant alleged exceptions to certain portions of the charge of the judge, of which only those relating to the burden of proof were argued.

Within three days after the verdicts the defendant filed a motion for a new trial, on the ground that the verdicts were against the law and against the evidence, and the weight of the evidence, and were excessive.   Shortly after the filing of this motion the defendant filed another motion for a new trial in each case, supported by affidavits, based upon newly discovered evidence. The newly discovered evidence consisted partly of affidavits of new witnesses to the accident itself, tending to support the defence on liability, partly of a record of the conviction and sen-

tence to imprisonment of one of the plaintiffs' witnesses for maintaining a liquor nuisance, but principally of an affidavit of one Theresa Agnes Coughlin, to the effect that in the summer of 1900 the plaintiff Celia, being pregnant, had had an abortion performed by one Ida L. Mason and a doctor who was called in for the purpose, while the affiant was waiting in an anteroom, and that afterwards the affiant went into the room where the abortion had been performed and found the plaintiff Celia lying there and noticed certain bloody instruments, and that the plaintiff Celia then described the operation to her. The affidavit also contained the statement that during the trial of these cases both the plaintiffs called upon the affiant at her place of business, and requested her not to give any information to the defendant's investigators if they should call upon her, but to say to them, if asked, that before the accident the plaintiff Celia was strong and healthy. In support of this affidavit the defendant also filed two other affidavits, one by Michael J. Kelley, a former police inspector of the city of Boston, and the other by John Addison Patron, an employee in the defendant's claim department. The material portion for the present purpose of these affidavits was that the affiant Kelley had formerly been acquainted with Ida L. Mason in connection with his official duties in the city of Boston, and that he knew that she had been at the time of the alleged abortion an attendant or assistant in the office of "Mrs. Dr. Bishop," who was then a notorious abortionist in the city of Boston; that both the affiants Kelley and Patron on June 26, 1905, visited the place of business of Mason in the city of Providence, Rhode Island, and showed her a photograph of the plaintiff Celia, which she said looked familiar; that on June 29 they again both visited Mason in Providence, taking with them the original affidavit of Theresa Agnes Coughlin, which they read to her and which she said was true; that she then also said that she remembered the plaintiff Celia well, and remembered her being nervous and dropping a glass of water and saying something in a foreign language at the time of the abortion; but that she refused to make an affidavit that the abortion had been performed, unless she was paid the sum of $5,000 so that she might leave this country and stay away for a long time, which proposition Kelley and Patron declined to entertain. The affidavit of

Patron contained the further statement that Mason at the second of the conversations asked him to report to the defendant the terms upon which she would make an affidavit to these facts, to wit, the payment of $5,000.

At the argument upon the motions the plaintiffs, besides other objections to the affidavits, objected to the affidavits of Kelley and Patron and asked to have them excluded from consideration on the ground that they were chiefly hearsay.

The judge, after consideration, granted a new trial in the case of Celia Soebel, unless the plaintiff before May 1, 1906, remitted the sum of $3,375 , and ordered that if such remittance was filed judgment should be entered in the sum of $6,000.   He granted a new trial in the case of Abram Soebel unless the plaintiff before May 1, 1906, remitted the sum of $500, and ordered that if such remittance was filed judgment should be entered in the sum of $1,000.

The judge filed a memorandum of his decision in which, among other things, he said, in regard to the plaintiff's objections to the affidavits filed by the defendant, " The statements in many of them are hearsay.  This is also true of many of the plaintiff's affidavits.  I decline to receive or consider hearsay statements on either side."  The judge refused to hear oral evidence upon the motions.  He found that the defendant was not chargeable with want of diligence in procuring the testimony disclosed in its affidavits.

The defendant alleged supplementary exceptions to the ruling " I decline to receive or consider hearsay statements on either side," so far as it applied to the affidavits of Patron and Kelley and to the exclusion of those affidavits, " which ruling was made as a matter of law and not of discretion."  It was agreed that Rule 31 of the Superior Court as well as the other rules of that court in force at the time of the argument of the motions, on December 9, 1905, might be referred to.

*W. G. Thompson,* (*S. H. E. Freund* with him,) for the defendant.

*W. A. Buie,* (*J. F. Cusick* with him,) for the plaintiffs.

KNOWLTON, C. J.  The defendant has filed two bills of exceptions, one founded on instructions to the jury at the trial, and the other on a ruling of the judge at a hearing of certain motions

of the defendant for a new trial. The only question argued upon the first bill relates to the judge's instructions upon the burden of proof. The instructions on this point were quite full, given in part in the original charge, and in part after a question had been raised at its close by the defendant's counsel. In explaining the term " burden of proof," the judge said that the jury could not find in accordance with a particular contention, unless it was " proved that it was so." He added: " By proved that it was so I mean a balance of proof in favor of that theory. . . . The plaintiff must make his side heavier, stronger, in favor of the proposition, to your minds, than that of the defendant, because if your minds remain balanced, you will have to give a verdict for the defendant." In another place he said, " Such damages as are proved by a fair preponderance of the evidence she is entitled to recover for, and those which she has not so proved she is not entitled to recover for." There was considerable of explanation and elaboration, some of which, taken alone, was not expressed in the most felicitous terms; but we think the jury must have understood the law on this subject, the general statement of which was correct. The use of the word " probable " in different parts of these instructions was not such as to call for a new trial under the criticism of the charge contained in *Haskins* v. *Haskins*, 9 Gray, 390. These exceptions must be overruled.

One of the two motions for a new trial was on the ground of newly discovered evidence. In support of this motion affidavits of different witnesses were filed, setting forth what other persons had said, showing their knowledge of important facts which were not known to the defendant and were not introduced at the trial. One of these persons, from whom very important statements were presented in this way, was out of the State, and it appeared that an affidavit could not be obtained from her. At the hearing the plaintiffs requested that these affidavits be excluded from consideration. In his memorandum accompanying the statement of his decision not to grant the motion, the judge said, " I decline to receive or consider hearsay statements on either side." The defendant excepted to this as a ruling, and its bill of exceptions, which was allowed by the judge, contains this statement: " which ruling was made as a matter of law and not

of discretion." We understand, therefore, that, in dealing with these motions, the judge ruled as matter of law that he could not receive or consider any affidavits, so far as they were statements of hearsay. He also refused to hear oral testimony upon the motions. He found that the defendant was not chargeable with want of diligence in procuring the testimony disclosed in its affidavits. We therefore must consider the question whether, at a hearing upon a motion for a new trial on the ground of newly discovered evidence, the moving party is precluded, under all circumstances, from using any affidavits to show the existence of such evidence, other than those of the witnesses themselves who would give the testimony if the new trial was granted.

It is to be noticed at the outset that the primary question before the judge in such a case is not what the truth is, as to the matter to which the newly discovered evidence is directed, but whether there is such evidence. A secondary question is whether it is reliable and important. As a practical consideration we all know that persons who can give important testimony often will not volunteer it, and sometimes decline to give it in any form unless they are forced to. They cannot be compelled to make affidavits, and often the only practicable way of informing a court of the existence of such evidence is by an affidavit of some one to whom they have made oral disclosures. Where the judge declines to hear oral testimony upon the motion, and especially where, as in this case, the witness is out of the Commonwealth and declines to make an affidavit, the only practicable way of presenting the fact as to such evidence is by an affidavit which is in part hearsay.

Under Rule 31 of the Superior Court, as construed in *Borley* v. *Allison*, 181 Mass. 246, a hearing cannot be obtained on such a motion without a verification of it by affidavit. For such a purpose, an affidavit of the party that he has discovered the evidence, setting forth what it is, and that a credible witness says he has knowledge of the facts as set forth, ought to be enough, if it is shown that the affidavits of the witnesses who know the facts cannot be obtained with reasonable effort. Courts often have refused to grant new trials upon affidavits of what persons have told the affiant about the facts, on the ground that they did not show that the evidence would be of sufficient importance

to warrant an order for a new trial. *Sheppard* v. *Sheppard*, 5 Halst. 250, 254. *Jenny Lind Co.* v. *Bowyer & Co.* 11 Cal. 194, 199. *Shumway* v. *Fowler*, 4 Johns. 425. *Cardell* v. *Lawton*, 16 Vt. 606. *Atkinson* v. *Saltsman*, 3 Ind. App. 139. But the better doctrine is that, while the party ought not to be permitted to prevail unless he furnishes the most convincing evidence that he can readily command, affidavits founded on hearsay should be received on a question of this kind if no better ones can be obtained. *Dunbar* v. *Hollinshead*, 10 Wis. 505, 508, 509. *Smith* v. *Cushing*, 18 Wis. 295. *McLeod* v. *Shelly Manuf. Co.* 108 Ala. 81, 83. *Reed* v. *Staton*, 3 Hayw. (Tenn.) 159, 164. *White* v. *Wallen*, 17 Ga. 106. Upon the hearing of a motion under this rule of the court, an affidavit of the witness himself, who knows the facts, should be presented if possible. But if the affidavit of what the witness said about it is to be received as a verification of the statement of the motion, for the purpose of entitling the mover to a hearing, it is illogical to say that it could not be received nor considered upon the hearing itself, when better evidence cannot be obtained, and when the fundamental question is not as to the truth of the new evidence, but as to the existence of it. In *Lansky* v. *West End Street Railway*, 173 Mass. 20, it was decided that an affidavit of hearsay of this kind is competent, not merely as a foundation for a motion for a continuance, but as a ground for action by the court at the hearing. The principle embodied in this case is decisive of the case at bar. *Ex necessitate*, in a case of this kind such affidavits should be received and given such weight as they are entitled to.

This exception must be sustained, and the defendant given a further hearing upon the motion. The relation of the witness to the transaction in which she is said to have taken the principal part, and her statement that she would not give her testimony without the payment of $5,000 may lead the judge to think the evidence of little importance ; or, in connection with the other newly discovered evidence, he may think it valuable. This branch of the case is for him alone. But it was his duty to receive and consider the affidavits.

*Exceptions sustained.*