## STATE v. COLVIN.

Under Code Cr. Proc. § 385, providing that the court in charging must state all matters of law necessary for the jury's information, it is discretionary with the court, in the absence of any written request, to determine what instructions it will give, and there was no error in a failure to charge, in the absence of request, that where

the prosecution relies upon circumstantial evidence alone, it must be so strong as to exclude every other possible theory than that of guilt.

The grant or refusal of a new trial for newly discovered evidence is largely within the trial court's discretion.

The trial court's discretion, in the grant or refusal of a new trial for newly discovered evidence, will not be interfered with, except upon clear showing of error.

Where though it would seem to the Supreme Court that the evidence of newly discovered witnesses might be very beneficial to accused, yet it having no way of judging the materiality of such evidence, or the weight that would probably be given to it, not having before it the testimony at the trial, the Supreme Court will not disturb the ruling denying a new trial.

Corson, J., dissenting in part.

(Opinion filed, Jan. 26, 1910.)

Appeal from Circuit Court, Lyman County. Hon. FRANK B. SMITH, Judge.

Clarence Colvin was convicted of grand larceny, and from the judgment of conviction and order denying a new trial, he appeals. Affirmed.

*Bartine* & *G. P. Harben,* for appellant. *S. W. Clark, Atty. Gen., Cloyd D. Sterling, Asst. Atty. Gen.,* and *F. J. Carpenter, State's Atty.,* for the state.

WHITING, P. J. The appellant was convicted in the trial court upon an information charging him with the crime of grand larceny. From a statement in the abstract it would appear that the evidence on the part of the state was entirely circumstantial; there being no direct testimony connecting the defendant with the crime. The defendant has not seen fit to present the testimony in his abstract. The charge of the court is given in full, which said charge was very complete and fair, unless the court erred in not charging in regard to the weight to be given to circumstantial evidence. The court called attention to the fact that an offense may be proven by circumstantial evidence, as well as by direct testimony, explained what was meant by circumstantial evidence, and charged very fully as to the presumption in favor of the defendant and the rule as to reasonable doubt. The defendant made no request whatever for any further charge, but the following appears in said abstract, immediately after said charge: "The

counsel for the defendant objects to the instructions of the court to the jury in this: That it wholly fails to instruct the jury that, in case of circumstantial evidence as this, the circumstances tending to show the guilt of the defendant must be so strong as to render it impossible for the jury to arrive at a verdict on any other theory than that of the guilt of the defendant; this being a case where the evidence is solely circumstantial as to the connection of this defendant with the alleged crime."

After conviction the appellant moved for a new trial, assigning as one ground the failure of the court to instruct the jury that, where the prosecution relies upon circumstantial evidence solely, that the evidence must be so ·trong as to exclude every other possible theory than that of his guilt, or else he must be acquitted. And for second ground for a new trial the appellant presented to the court affidavits as to newly discovered evidence which he claims to be material and important, which evidence he alleges he could not, by use of reasonable diligence, have secured and produced at said trial, and which evidence appellant alleges he believes would acquit him of said charge.

On the first ground above stated the only question for our consideration is whether it is the duty of the trial court, of its own motion, to give the instruction asked for; no question being raised but what such instruction would be proper. Defendant has cited numerous authorities, most of which merely lay down the rule that such instruction would be proper, but only one holding that the failure to give such instruction, when not requested, is error. There are certain states wherein the statutes require the court to give the jury all the law applicable to the case, whether the same shall be requested or not, and it is held that in those states the court is bound to instruct the jury upon the law pertaining to circumstantial evidence, whether a request for such instruction is made or not. Where the statute does not specifically require the court, on its own volition, to state all the law applicable to the case, but leaves it discretionary to the court in the first place to instruct upon those matters which it believes to be pertinent to the evidence received in the case, then no error can be claimed for failure of the court to instruct upon any phase

of the case, unless the court fails so to instruct after request made for such instruction. State v. Ingram, 16 Kan. 14; Barnett v. Ins. Co., 115 Mich. 247, 73 N. W. 372; Hughes, Instructions to Juries, § 303; Blashfield, Instructions to Juries, § 312. Section 385 of our Code of Criminal Procedure provides as follows: "In charging the jury the court must state to them all matters of law which it thinks necessary for their information in giving their verdict, and if it state the testimony in the case it must in addition inform the jury that they are the exclusive judges of all questions of fact. Either party may present to the court in writing a charge and request that it be given. If the court thinks it correct and pertinent it must be given; if not it must be refused." Under this section it is certainly discretionary with the court, where no written requests for instructons are made, to determine what, if any, instructions he will give in relation to the evidence in the case. If the defendant desires any particular instruction, it is incumbent upon him to reduce the same to writing, and in proper time present it to the court for its consideration. There was therefore no reversible error in the court's neglecting to give the instuction referred to.

The affidavits submitted upon the other ground advanced upon motion for new trial would tend to show that, after defendant's conviction, two other parties pleaded guilty to committing the same offense, and such parties now stand ready to swear that defendant was in no manner connected with the commission of the offense. The granting or refusal of a new trial on newly discovered evidence is largely within the discretion of the trial court, which discretion we do not feel disposed to interfere with, except upon clear showing that such court was in error; and, while it would seem to us that the evidence of these witnesses might be very beneficial to the appellant, yet we have no way of judging the materiality of such evidence, or the weight that would probably be given to it, not having before us the testimony received upon the trial, which testimony must have been in the mind of the trial court at the time it ruled on such motion. We therefore, do not feel that this court should disturb the ruling of the trial court upon such motion. Atkinson v. Saltsman, 3 Ind. App. 139, 29 N. E. 435.

The judgment of the trial court and the order denying a new trial are affirmed.

CORSON, J. (dissenting). I dissent from the views expressed by the majority of the court in affirming the judgment of the court below and order denying a new trial, for the reason that the trial court clearly abused its discretion in denying the defendant's motion for a new trial upon the ground of newly discovered evidence It clearly appears from the affidavit of the defendant that subsequently to his trial one Robert George and one Willie A. Adams were tried for the same offense, and on their trial for the first time admitted that they had committed the larceny alleged in the information, and for which the defendant was tried, and that subsequently to their trial they both stated to the defendant that they could and would swear that the defendant was not guilty of any crime in connection with the said larceny; that prior to the trial of this defendant the said George and Adams denied that they were guilty of the larceny alleged in the information, and refused, on the request of the defendant, to give any evidence in regard to his connection therewith, but that since their said trial, they are willing to testify, which is true, that this defendant had no connection with, or knew of, the larceny committed by them. The said Robert George, and said Willie A. Adams made affidavits that they had read the affidavit of the defendant, and knew the contents thereof, and that the same was true, and that they alone committed said larceny on November 23, 1907, and that this defendant "knew nothing of its commission, nor how it was committed, nor when it was committed, neither did he aid or abet, or assist in any manner in its commission;" that they would give evidence to the above facts, if a new trial should be granted; that up to the time of their trial both had, to all persons, denied that they were guilty, and denied same to said defendant, who had asked them to tell the truth so he could use their evidence on the trial. In my judgment the facts stated by the defendant in his affidavit supported and corroborated by the affidavit of George and Adams made such a showing as entitled the defendant to a new trial, especially in a case where it is stated in the abstract that there

was no positive evidence that the defendant had stolen the property described in the information, or assisted in any manner in the larceny, and that the evidence against him was entirely circumstantial, which statement is not denied by the Attorney General. It is difficult to discover any motive that would induce George and Adams, who admitted their own guilt of the larceny of the property described in the information, to add to the crime of which they were found guilty the further crime of perjury by testifying that the defendant, in the case at bar had no connection with, and had no knowledge of, the commission of the larceny. While ordinarily an appellate court will be reluctant to reverse the decision of the trial court in denying a motion for a new trial on the ground of newly discovered evidence, still I am of the opinion that the court in this case, upon the showing made, should have granted the motion.