## ALDERSON v. LARSON et al.

An application for a new trial for newly discovered evidence under Code Civ. Proc. § 301, subd. 4, is addressed to the discretion of the trial court, and its decision will not be reversed in the absence of manifest abuse thereof.

A stronger case must be made to justify reversal of an order granting a new trial than in case the order refuses the application.

On July 22, 1910, defendants' team ran away, and collided with a buggy in which plaintiff was sitting, resulting, as she claimed, in severe injuries to her. Her evidence indicated that she suffered from traumatic neurasthenia caused by the shock. She recovered a verdict for $1,000. Defendants applied for a new trial on newly discovered evidence that on July 23, 1910, plaintiff was riding in a surrey which, on coming into contact with a pile of sand, was overturned, and all the occupants thrown violently to the ground. A physician deposed that plaintiff's condition was more likely to have resulted from this accident than from the former one, and those who were riding with plaintiff testified that they were requested by plaintiff's husband and mother not to mention such accident, as it would seriously affect plaintiff's claim for damages caused by the previous occurrence. **Held,** that a new trial was properly granted.

(Opinion filed, December 11, 1911.)

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by Effie Alderson against Albert F. Larson and another, doing business as the Larson Hardware Company. From an order granting defendants a new trial for newly discovered evidence, plaintiff appeals. Affirmed.

*Charles P. Bates* and *Ralph W. Parliman,* for appellant. *Aikens & Judge* and *Tore Teigen,* for respondents.

HANEY, J. This is an appeal by the plaintiff from an order granting defendants' application for a new trial on the ground of newly discovered evidence.

[1] A new trial may be granted on the ground of "newly discovered evidence, material to the party making the application, which he could not, with reasonable diligence, have discovered and produced at the trial." Rev. Code Civ. Proc. § 301, subd. 4. Such an application is addressed to the discretion of the trial court. Its decision thereon will not be reversed in absence of manifest abuse of discretion. Wilson v. Seaman, 15 S. D. 103, 87 N. W. 577; State v. Coleman, 17 S. D. 594, 98 N. W. 175; State v. Colvin, 24 S. D. 567, 124 N. W. 749.

[2] A stronger case must be made to justify reversal when the order grants than when it refuses a new trial. Gotzian & Co. v. McCollum, 8 S. D. 186, 65 N. W. 1068; Grant v. Grant, 6

S. D. 147, 60 N. W. 743; Hodges v. Bierlein, 4 S. D. 258, 56 N. W. 811.

[3] The action is for personal injuries. The verdict was for $1,000. On June 22, 1910, the plaintiff and her young son were sitting in a buggy on a street in Sioux Falls, when a team drawing a heavy wagon, owned by the defendants, ran away. The wagon collided with the plaintiff's buggy, causing it to collapse, and, as she alleges, causing the plaintiff severe injuries, from which, it was claimed, she had not recovered at the time of the trial. Plaintiff's evidence disclosed no external injuries, but tended to prove that the plaintiff, at the time of the trial, was suffering from traumatic neurasthenia caused by the shock of the accident. The affidavits read in support of the application for a new trial disclose that two young women were riding with the plaintiff and her husband in a surrey on the night of July 23, 1910, one month and one day after the accident alleged to have been the sole cause of the plaintiff's condition, when the surrey, coming in contact with a pile of sand, was overturned and all its occupants were thrown violently upon the ground. The circumstances of this accident and its apparent effect upon the plaintiff are minutely described by each of the young women in her affidavit. It appears from their affidavits that neither the defendants nor their attorneys knew of this second accident until after the trial of this action. The young women who were riding with the plaintiff state that they were requested by the plaintiff's husband and mother, in the plaintiff's presence, to not mention the accident, as it would, if known, injuriously affect the pending claim for damages caused by the previous accident. One of the physicians, who was a witness for the plaintiff on the trial, states in an affidavit read in support of the application for a new trial that the accident described in the affidavits as having occurred July 23d would be far more likely to cause the traumatic neurasthenia described by the evidence on the trial than the accident of June 22d. That the plaintiff was thrown from a surrey on July 23d is admitted in affidavits read by the plaintiff on the hearing of defendants' application. Evidence concerning such accident, if known to the defendants at the time of the trial, certainly would

have been competent and material for the purpose of showing that the plaintiff's nervous condition was caused by such accident. And, notwithstanding the evidence on the trial may have conclusively shown that traumatic neurasthenia resulted from the first accident, evidence of the second accident would have been competent and material for the purpose of determining the proper measure of the plaintiff's recovery. In fairness to the court, jury, and expert witnesses evidence of the second accident, calculated, as it was, to account in whole or in part for the plaintiff's condition, should have been considered if obtainable. Defendants were not in the remotest degree responsible for the second accident, and should not be required to compensate the plaintiff for any detriment caused thereby. The learned trial court was at liberty to believe, not only that this material evidence could not, with reasonable diligence, have been discovered, but that its discovery by the defendants before the trial was prevented by the active intervention of the plaintiff's husband and mother, with her knowledge and consent. That consideration of this newly discovered evidence would be likely to influence the jury on a second trial is apparent. Defendants' application met all the requirements of the statute. There was no abuse of discretion.

The order appealed from should be affirmed.