Carroll, ⎫
June 28, 1923. ⎬

### WILLIAM Q. HUEY v. WEST OSSIPEE MINE, INC.

Upon a petition for a new trial on the ground of newly discovered evidence the petitioner must produce the best evidence thereof reasonably obtainable; if the new witness is not called in person, the new evidence must be in the form of his subscribed and sworn statement, or else some substantial reason for its absence must be shown.

PETITION, for a new trial of the action, reported in 78 N. H. 237. Hearing before *Allen,* J., who found for the plaintiff, vacated the judgment, set the verdict aside, and ordered a new trial. Before filing this petition the plaintiff brought suit in this county against the defendant's president, Davidson, and in that action took certain depositions. At the present hearing, the statements of the plaintiff as to what the witness testified in the depositions were received in evidence, subject to exception.

*Henry D. Yeaton* and *Justin A. Emery (Mr. Yeaton* orally), for the plaintiff.

*Snow & Cooper (Mr. Snow* orally), for the defendant.

PEASLEE, J. The question presented is whether a petitioner for a new trial under the statute (P. S., c. 230) may support his claim solely by oral testimony to the effect that the witnesses he proposes to call at the new trial have stated the facts he wishes to prove. The practice in this state has been otherwise. The production of the new evidence in some testimonial form, and as coming directly from the witnesses who, as it is claimed, will repeat it at the new trial, has always been the accepted procedure. The affidavits of the witnesses reciting their knowledge of the facts in question have been received, but even this has been criticized.

"We remark that the affidavits are generally written by counsel, and are more strongly expressed than the depositions of the same witnesses used upon the hearing. Such evidence is less satisfactory than if taken by a disinterested person. As affidavits thus taken can not be used upon a rehearing, this mode of taking the evidence is attended with delay, expense and labor, both for the court and counsel. The testimony is to be twice taken and twice considered. We think, therefore, it would be a reasonable and judicious course, in such cases, to apply to the court or a judge for an order that the evidence should be taken before a commissioner, upon notice, as depositions, and that it may be used upon the rehearing." *Dennett v. Dennett*, 44 N. H. 531, 535, 536. In *McGinley v. Railroad*, 79 N. H. 320, 322, the new witness had given contradictory affidavits to counsel for the opposing parties, and it is suggested that "No reason is perceived why the witness might not have been examined before the court and thereby a foundation have been laid for an intelligent estimate of the probable value of his testimony before a jury."

While the reported cases do not in terms decide the question now presented, they do show that the principle that the best evidence that can be had should be produced, is to have some application in these proceedings. This is the generally accepted theory elsewhere.

"Moreover, it is not sufficient for the moving party to state in his affidavit what, as he has learned, certain persons know about the matter, and how, as he believes, they will testify. He must produce the affidavits of the newly discovered witnesses as to what they know, and as to what they will testify. The affidavit of the party himself is but hearsay testimony, and cannot be received unless, for good cause shown, the affidavits of the newly discovered witnesses cannot be obtained. But while the party ought not to be permitted to prevail unless he furnishes the most convincing evidence that he can readily command, affidavits founded on hearsay should be received on a question of this kind if no better ones can be obtained. In applying the above rule, the chief question to be determined is what constitutes a sufficient excuse for the failure to produce the affidavits of the witnesses. The determination of this question seems to be governed by the facts of each particular case." 20 R. C. L. 309, 310; 14 Ann. Cas. 423, *note*, where the authorities are collected.

In the present proceeding, the hearsay testimony, relating what the witnesses said in giving their depositions in another case, was received against the objection of the defendant, and without any offer of any proof that the depositions or the affidavits of the wit-

nesses could not be obtained. The reason sometimes suggested for the admission of such evidence is that the witnesses cannot be compelled to give affidavits, and therefore there often is no practical way of informing the court of the new evidence, except by the reception of hearsay. *Soebel* v. *Railway*, 197 Mass. 46. But as it is the law in this state that upon a petition for a new trial depositions may be taken (*Watkins* v. *Railroad*, 80 N. H. 102; *Dennett* v. *Dennett, supra*), the reasoning has no application here. And the cases upholding the reception of the evidence stand upon the ground of proved necessity. "But the better doctrine is that, while the party ought not to be permitted to prevail unless he furnishes the most convincing evidence that he can readily command, affidavits founded on hearsay should be received on a question of this kind if no better ones can be obtained." *Soebel* v. *Railway, supra*, 52.

The plaintiff took the depositions of the witnesses in another suit relating to this controversy shortly before he filed this petition. No reason appears why he could not take them in this proceeding. No excuse was offered for not at least producing the depositions he had already taken. Moreover, the affidavits of the witnesses were taken and put in evidence by the defendant. They deny the plaintiff's allegations in detail. Under these circumstances there is an entire lack of proof upon which to base a finding that the plaintiff could not, by reasonable effort, produce in some form the sworn statements of the witnesses by whom he proposed to prove his case at a new trial.

The presiding justice found that there was a "circumstantial guarantee of trustworthiness"; but that does not reach the point of the defendant's objection. The evidence is admittedly hearsay, and the question is not whether it is more than usually dependable hearsay, but whether a foundation has been laid for the reception of any of a less preferred class of evidence. "In all these cases where a less preferred class of evidence is offered, the absence of the preferred must be accounted for. There must be a real occasion for resorting to the less reliable means of proof." *Roberts* v. *Company*, 78 N. H. 491, 495.

If it be assumed that the rule that the non-production of a witness at a trial may be excused by the fact that he is outside the jurisdiction (*Roberts* v. *Company, supra*, and cases cited) could apply in these proceedings, wherein the witness need not be called and mere affidavits are received, still the question is not disposed of. The depositions taken in regular form and sworn to by the witnesses are

so manifestly superior evidence, within the rule governing this proceeding, that the absence of this better evidence must be accounted for. The question is not what is a sufficient excuse for the non-production of a witness, but whether there is occasion to resort to secondary proof of the contents of his sworn statement. And quite apart from any theory of what is primary and what secondary evidence, the common sense of the situation is that when, as here, there is more than the usual occasion to determine exactly what the new evidence is, and to compare it with the evidence formerly introduced, it should be incumbent on the moving party to produce the proof in a reasonably dependable form, or show cause for his failure to do so.

The deposition already taken, or an affidavit procured for use in the present proceeding, would merely be evidence of what the witness said. In a certain sense they may be no better evidence of that fact than the testimony of one who heard him speak. In many situations they would be equally admissible. But owing to the peculiar nature of this proceeding a different rule has been universally adopted therein. If the new witness is not called in person, the new evidence must be in the form of his subscribed and sworn statement, or else some substantial reason for its lack must be shown.

It is true that upon petitions for new trials the strict rules concerning the production of witnesses and the right of confrontation and cross-examination are not applied, but there are legal limits to the procedure to be adopted. The general rules safeguarding proof in court are founded upon sound reasons, and are not to be departed from without reason. The rule heretofore quoted (20 R. C. L. 309) gives to the moving party all the latitude he can reasonably demand. It permits him to prove his case by any evidence, even to pure hearsay, but at the same time requires him to produce the best evidence reasonably to be obtained.

The questions of reasonable effort and opportunity to procure primary evidence are matters of fact, and are ordinarily disposed of by the finding of the presiding justice. But they cannot be found in favor of the party having the burden of proof unless there is evidence to sustain the conclusion. In this case the objection was made before the hearing began. The petitioner offered nothing to excuse the absence of the affidavits or depositions. The court admitted the oral evidence without any necessity therefor being shown, and for this error of law the findings and orders must be set aside.

The suggestion that because the defendant failed to produce the

depositions the plaintiff might resort to hearsay proof of their contents, is of no weight. It was not incumbent upon the defendant to help the plaintiff prepare and present his case. That duty devolved upon him. There is no suggestion that the defendant did anything to hinder or delay him in the matter. That it did not produce evidence for him, especially when that evidence was primarily within his control, does not improve his situation.

*Exception sustained.*

SNOW, J., did not sit: the others concurred.